IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-628-BO

| | | |
|---|---|---|
| JEAN D. CENEZY, | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| MARTIN O'MALLEY, et al., | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants Koniag Technology Solutions, Inc., Tuknik Government Services, LLC, and Koniag Government Services, LLC (collectively "KGS defendants") motion to dismiss, along with defendant Social Security Administration's ("SSA") motion to dismiss.[1] [DE 17, 23]. Plaintiff Jean D. Cenezy has filed responses in opposition, [DE 26, 29], and defendants have filed respective replies. [DE 28, 30]. In this posture, the matters are ripe for ruling. For the reasons that follow, both KGS defendants' and the SSA's pending motions to dismiss are granted.

BACKGROUND

Plaintiff instituted this action by filing a complaint on October 31, 2023.[2] [DE 1]. In his complaint, plaintiff alleges three claims against the KGS defendants and the SSA. [DE 1 at 2, 3]. First, plaintiff alleges discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, on the basis of race, color, and/or national origin. [DE 1 at 10-

---

[1] Koniag Technology Solutions and Tuknik Government Services are subsidiaries of Koniag Government Services. [DE 1 at 2, 3]. Koniag Government Services is a federal contractor for the Social Security Administration. [DE 1 at 2, 3].

[2] This is the second complaint plaintiff has filed in this Court against KGS defendants based on the same, or similar, set of facts. *See Cenezy v. Koniag Tuknik Gov't Servs.*, 2022 WL 3974141, No. 5:22-cv-23-BO (E.D.N.C. Aug. 31, 2022) (dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6)).

12]. Further, plaintiff contends that under the Whistleblower Protection Act ("WPA"), he is a covered employee who engaged in an informal disclosure and was subsequently subjected to reprisals. [DE 1 at 12-13]. *Compare* 5 U.S.C. §§ 2302, *et seq.* (covering federal employees), *with* 41 U.S.C. §§ 4705, *et seq.* (covering federal contractors). As relief, plaintiff seeks compensatory damages, reinstatement of his position (and compensation) prior to the reprisal, and attorneys' fees. [DE 1 at 13-14].

Plaintiff's complaint is based on events that occurred during his employment with KGS defendants. [DE 1]. Plaintiff contends that he began working as a Security Operations Analyst for KGS defendants around September 2019. [DE 1 at 3]. A few months after onboarding, plaintiff took on additional responsibilities including, *inter alia*, "training and onboarding new hires." [DE 1 at 4]. As such, plaintiff "inquired about becoming a team lead." [DE 1 at 4]. While plaintiff did not receive a "formal" promotion to team lead, he contends that in August 2020, KGS defendants "informally" promoted plaintiff to team lead. [DE 1 at 4, 5]. Plaintiff alleges that he did not, however, receive any raise related to his informal promotion. [DE 1 at 4, 5].

Through March 14, 2021, plaintiff continued to request a promotion and additional compensation from various KGS employees. [DE 1 at 5-7]. Plaintiff contends that on March 23, 2021, he also raised similar compensation concerns to three SSA employees via email. [DE 1 at 7]. Shortly thereafter, on March 24, 2021, plaintiff was booted from his workstation and subsequently terminated from his role with the KGS defendants. [DE 1 at 7].

In response to plaintiff's October 31, 2023 complaint, KGS defendants and the SSA filed their respective motions to dismiss. [DE 17, 23]. The KGS defendants moved to dismiss plaintiff's claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 17]. Relatedly, the SSA

2

moved to dismiss plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [DE 23].

## DISCUSSION

I. KGS Defendant's Motion to Dismiss.

KGS defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. [DE 17]. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct.

In their Rule 12(b)(6) motion, KGS defendants argue that the doctrine of *res judicata* bars plaintiff's claims. [DE 17]. "Under the doctrine of *res judicata*, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Critically, *res judicata* precludes parties or their privies from litigating not only "issues that were" raised, but issues that "could have been raised in [the prior] action" as well. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (internal citations omitted). "[W]hen entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Andrews*, 201 F.3d at 524 n.1.

The party asserting a *res judicata* defense must demonstrate: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Jones v. SEC*, 115 F.3d 1173, 1178 (4th

3

Cir. 1997) (internal quotation marks omitted), *cert. denied*, 523 U.S. 1072 (1998). Because "'[n]o simple test exists to determine whether causes of action are identical' in the *res judicata* analysis, '... each case must be determined separately within the conceptual framework of the doctrine.'" *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017) (quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)). Under the conceptual framework, the Court looks to "whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment and whether the claims could have been brought in the earlier action." 874 F.3d at 378 (quotations omitted). "To be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Martin v. Am. Bancorporation Retirement Plan*, 407 F.3d 643, 651 (4th Cir. 2005) (quoting *Jones*, 115 F.3d at 1180).

Here, *res judicata* bars plaintiff's complaint against KGS defendants. First, the Court finds – and plaintiff does not dispute – that the element of a final judgment on the merits is satisfied, [DE 17, 18-5, 26], as the United States District Court for the Eastern District of North Carolina previously dismissed plaintiff's 2022 complaint against KGS defendants, *see Cenezy v. Koniag Tuknik Gov't Servs.*, 2022 WL 3974141, No. 5:22-cv-23-BO (E.D.N.C. Aug. 31, 2022). *See generally Jones*, 115 F.3d at 1178. Second, both plaintiff's 2022 and 2024 complaints are based upon plaintiff's former role with KGS defendants. [DE 1, 17, 18-1]. As such, plaintiff's actions arise from "the same transaction or series of transactions or the same core of operative facts." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996). Finally, the Court finds that the third element – the identity of parties or their privies – is satisfied. *Jones*, 115 F.3d at 1178. *See, e.g., Hodge v. Calvert Cnty.*, No. PJM-09-2252, 2009 WL 2884928, at *3 n.4 (D. Md. Sept. 4, 2009)

4

("Plaintiffs cannot avoid the bar of res judicata simply by adding new defendants to the second suit."), *aff'd*, 379 Fed. App'x 298 (4th Cir. 2010).

In sum, the entry of final judgment on the merits, [DE 18-5], the identity of the causes of action in the prior cases and this case, [DE 1, 18-1], and the identity of the parties to the action satisfy the requirements for application of the *res judicata* doctrine, [DE 1, 18-1]. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013). Because *res judicata* is, on its own, sufficient grounds to dismiss plaintiff's claims against KGS defendants, the Court need not consider KGS defendants' alternative challenges to plaintiff's claim. [DE 17]. Plaintiff's complaint against KGS defendants is therefore dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

II.     SSA's Motion to Dismiss.

Independently from KGS defendants, the SSA moves to dismiss plaintiff's complaint on various grounds. [DE 23]. First, the SSA moves the Court to dismiss all three counts of plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. [DE 23]. Alternatively, the SSA moves the Court to dismiss count one and two of plaintiff's complaint, which contain plaintiff's Title VII discrimination and retaliation claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. [DE 23]. The Court begins – and ends – with the SSA's first request. [DE 23].

Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. R. 12(b)(1). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (internal citation

omitted). When subject-matter jurisdiction is challenged, "the plaintiff has the burden of proving" jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999).

### A. SSA's Motion to Dismiss Count One and Two of Plaintiff's Complaint Pursuant to Rule 12(b)(1).

The SSA moves this Court dismiss plaintiff's Title VII discrimination and retaliation claims, as contained in counts one and two of plaintiff's complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [DE 23, 24]. In doing so, the SSA contends that this Court lacks subject matter jurisdiction over plaintiff's Title VII claims against the SSA because the SSA was not plaintiff's employer. [DE 23, 24]. The Court agrees.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, prohibits employment discrimination based on race, color, religion, sex, or national origin. While Title VII did not originally apply to discrimination in the federal workplace, *King v. Dalton*, 895 F.Supp. 831, 836 (E.D.Va. 1995) (citing 42 U.S.C. § 2000e(b)), "Congress amended Title VII in 1972 by explicitly waiving the United States' sovereign immunity with respect to employment discrimination." *King*, 895 F.Supp. at 836 (citing Equal Employment Opportunity Act of 1972, § 11, 42 U.S.C. § 2000e–16). In doing so, "Congress created a separate and distinct provision to govern federal workplace discrimination." *Id.* And in the years since, "the Supreme Court has held that § 2000e–16 'provides the exclusive judicial remedy for claims of discrimination in federal employment.'" *King*, 895 F.Supp. at 836 (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976)). Thus, to proceed on his Title VII action, plaintiff must first demonstrate that he is an "employee[] or applicant[] for employment" of the SSA. *See* § 2000e–16.

Critically, more than one entity can be an individual's employer under Title VII. *See, e.g., Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 410 (4th Cir. 2015) (discussing multiple employers in the workplace). Indeed, "two parties can be considered joint employers and therefore

6

both be liable under Title VII if they 'share or co-determine matters governing the essential terms and conditions of employment.'" *Id.* at 408 (quoting *Bristol v. Bd. Of Cnty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc)). Such relationship is commonly referred to as the joint employer doctrine. *Butler*, 793 F.3d at 408 n.3.

Under the joint employer doctrine, courts consider whether a putative employer "exercises significant control over the same employees." *Butler*, 793 F.3d at 410 (cleaned up). The Fourth Circuit has adopted a hybrid test for assessing joint employment, which requires analyzing:

> (1) authority to hire and fire the individual; (2) day-to-day supervision of the individual, including employee discipline; (3) whether the putative employer furnishes the equipment used and the place of work; (4) possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes; (5) the length of time during which the individual has worked for the putative employer; (6) whether the putative employer provides the individual with formal or informal training; (7) whether the individual's duties are akin to a regular employee's duties; (8) whether the individual is assigned solely to the putative employer; and (9) whether the individual and putative employer intended to enter into an employment relationship.

*Butler*, 793 F.3d at 414. While the first three factors of the hybrid test are the most important, no one factor is dispositive. *Id.* at 414-15.

Applying the hybrid test to the case at bar demonstrates that the SSA was not plaintiff's joint employer. *Butler*, 793 F.3d at 414. KGS defendants, rather than the SSA, exerted control over plaintiff's employment: KGS defendants hired and fired employees, "managed . . ., trained, set shift schedules, approved leave, evaluated performance, and disciplined KGS employees." [DE 24 at 16]. For example, plaintiff's complaint indicates that the KGS employees were in charge of his assignments and schedule. [DE 1 at 4-6]. And while the SSA revoked plaintiff's VPN access, [DE 29], it did so only temporarily, "until the matter was resolved." [DE 30 at 3]. Such temporary revocation of plaintiff's access to SSA materials is insufficient to satisfy the type of control contemplated in *Butler*, 793 F.3d at 414. This is particularly true where KGS defendants, rather

7

than the SSA, ultimately terminated plaintiff from his position with the company. [DE 29, 30 at 4]. Further, plaintiff's concerns regarding promotions and compensations were communicated directly with KGS supervisors. [DE 1, 23, 24]. In fact, plaintiff's filings indicate that the SSA became involved in plaintiff's compensation discussions only *after* plaintiff took it upon himself to email SSA employees. [DE 1, 24]. Therefore, plaintiff has not demonstrated that the SSA was his joint employer for purposes of his Title VII claims.

Because plaintiff failed to demonstrate that the SSA was his employer under the joint employment doctrine, plaintiff cannot satisfy his burden of proving that this Court has jurisdiction to entertain plaintiff's Title VII claims against the SSA. *Evans*, 166 F.3d at 647-50. Thus, counts one and two of plaintiff's complaint against the SSA are dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### B. SSA's Motion to Dismiss Count Three of Plaintiff's Complaint Pursuant to Rule 12(b)(1).

Next, the Court will consider the SSA's motion to dismiss count three of plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [DE 24 at 25-26]. Specifically, the SSA contends that the Court lacks subject matter jurisdiction over plaintiff's WPA claim because plaintiff failed to exhaust the administrative remedies related to this claim. [DE 24]. The Court agrees.

"The WPA provides most federal agency employees with protection against agency reprisals for whistleblowing activity, such as disclosing illegal conduct, gross mismanagement, gross wasting of funds, or actions presenting substantial danger to health and safety." *See Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) (citing 5 U.S.C. § 2302(b)(8)). Whistleblowers seeking the WPA's protections must utilize the framework of the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 1214 *et seq.* The procedures set forth in the CSRA provide that an employee who

8

believes he is the victim of unlawful whistleblower retaliation "must first bring [his] claim to the OSC [(Office of Special Counsel)], which investigates the complaint." *Stella*, 284 F.3d at 142 (citing 5 U.S.C. § 1214). If the OSC investigation results in a finding of "no agency wrongdoing, then the employee [him]self may bring an action before the MSPB [(Merit Systems Protection Board)]." *Stella*, 284 F.3d at 142. Accordingly, because exhaustion of administrative remedies is a prerequisite to suit under the WPA, "[d]ismissal of a [whistleblower] claim is appropriate when a plaintiff fails to exhaust his or her administrative remedies." *Harris v. Evans*, 66 Fed. App'x. 465, 466-67 (4th Cir. 2003) (per curiam).

Plaintiff contends that his emails with the SSA constitutes an "informal disclosure" under the WPA. [DE 1]. However, plaintiff failed to exhaust his administrative remedies with the MSPB before he filed his complaint with this Court.[3] *Harris*, 66 Fed. App'x. at 466-67. [DE 1, 23, 29]. And because "[u]nder no circumstances does the [Whistleblower Protection Act] grant [a] District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance," *Stella*, 284 F.3d at 142, plaintiff's WPA claims must be dismissed for lack of subject matter jurisdiction. *Harris*, 66 Fed. App'x. at 466-67. Accordingly, the Court will grant the SSA defendant's motion to dismiss count three of plaintiff's complaint pursuant to Rule 12(b)(1). [DE 23].

---

[3] Plaintiff incorrectly contends that the "mixed case" doctrine excuses his failure to exhaust his administrative remedies. [DE 29]. While "[t]here are 'special procedures' governing mixed cases," *Brown v. Jewell*, 134 F Supp. 3d 170, 178 (D.D.C 2015) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 46 (2012)), such procedures are applicable to "federal employees." 568 U.S. at 45; *see also Zachariasiewicz v. U.S. Dep't of Just.*, 48 F.4th 237, 246 (4th Cir. 2022). And, as discussed *supra*, plaintiff is a contract worker for KGS defendants – not a federal employee with the SSA. [DE 1]. *Compare* 5 U.S.C. §§ 2302, *et seq.* (covering federal employees); *with* 41 U.S.C. §§ 4705, *et seq.* (covering federal contractors).

9

## CONCLUSION

For the foregoing reasons, both KGS defendants' and the SSA's motions to dismiss plaintiff's complaint are GRANTED. [DE 17, 23]. Plaintiff's complaint is DISMISSED in its entirety and the clerk is DIRECTED to close the case.

SO ORDERED, this **23** day of September, 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE